951 F.2d 1073
 Jonathan M. WIENER, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION; Federal Bureau of
Investigation, Los Angeles Field Office; Federal Bureau of
Investigation, New York Field Office; Federal Bureau of
Investigation, Detroit Field Office, Defendants-Appellees.
 No. 88-5867.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 16, 1991.
 
 Mark D. Rosenbaum, American Civ. Liberties Union Foundation of Southern Cal., Dan Marmalefsky, Hufstedler, Miller, Kaus & Beardsley, Los Angeles, Cal., for plaintiff-appellant.
 Miriam McIntire Nisbet, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Judith R. Epstein, Crosby, Heafey, Roach & May, Oakland, Cal., for amicus.
 Before BROWNING, SCHROEDER and FERGUSON, Circuit Judges.
 
 ORDER
 
 1
 The government's argument that our holding in this case conflicts with Silets v. United States Department of Justice, 945 F.2d 227 (7th Cir.1991) (en banc) misreads our opinion. Silets held that a district court did not abuse its discretion in denying in camera review of records requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because affidavits submitted by the government "(1) describe[d] the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate[d] that the information withheld [fell] logically within the claimed exemption[s], and (3) [were] not controverted by either contrary evidence in the record or by evidence of bad faith." Id., at 229 (citations omitted). Our opinion is not to the contrary. We held the affidavits submitted by the government in this case did not adequately describe the withheld documents and justifications for non-disclosure, and remanded to permit the government to submit affidavits containing sufficient detail to allow Wiener "to intelligently advocate release of the withheld documents" and the district court "to intelligently judge the contest," Wiener v. F.B.I., 943 F.2d 972 (9th Cir.1991, as amended September 26, 1991), at 979. We expressed no views as to when, or whether, submission of such affidavits would make in camera review of the withheld documents unnecessary. See id.
 
 
 2
 The panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.